ORIGINAL

# In the United States Court of Federal Claims

No. 16-570
Filed: January 17, 2017

**FILED**

JAN 1 7 2017

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JULIAN R. HOOD, JR., | * |
| Plaintiff, | * |
| v. | * |
| UNITED STATES, | * |
| Defendant. | * |

* * * * * * * * * * * * * * * * * * * * *

Pro se plaintiff; 28 U.S.C. § 1500.

Julian R. Hood, pro se, Escondido, CA.

Anthony F. Schiavetti, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. Also with him was Allison Kidd-Miller, Assistant Director, Robert E. Kirschman, Jr., Director, Commercial Litigation Branch, Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Department of Justice, Washington, D.C.

## OPINION

**HORN, J.**

### FINDINGS OF FACT

Pro se plaintiff, Julian Hood, has initiated several actions in various United States District Courts related to his deceased mother's waiver of her insurance policy under the Federal Employees' Group Life Insurance Act (FEGLI), 5 U.S.C. § 8701-16 (2012). As discussed in detail below, since 2015, plaintiff has been a frequent filer in the judicial system, filing complaints based on the same nucleus of facts after receiving results he finds unsatisfactory or, apparently, when he has run out of patience to await a decision.

Plaintiff's complaint in the above-captioned case alleges that the United States Office of Personnel Management (OPM) wrongfully accepted his mother's waiver of her life insurance policy under FEGLI in March 2002, and, as a result of the waiver, plaintiff was not entitled to receive benefits under FEGLI. Plaintiff asserts that this "action is brought under the Federal Group Life Insurance Act of 1954, 5 U.S.C. §§ 8701-8716 for breach of contract, Common Law Promissory Estoppel/Quasi-contract claim, breach of

express and implied contract, breach covenant of good faith and fair dealings with the FEGLI contract."[1]

According to the complaint, plaintiff's mother, "Debora Covington," was a federal employee who submitted a "waiver of life insurance" to OPM on March 18, 2002 that "cancelled her Federal Employees' Group Life Insurance . . . policy retroactively to June of 2000." Plaintiff asserts that, approximately ten years later, Ms. Covington "contacted OPM to request an original Standard Form 2823 'Designation of Beneficiary' form," and, "[o]n March 18, 2012, OPM accepted an original carbon copy standard form 2823 'Designation of Beneficiary' for FEGLI benefits" from Ms. Covington. Ms. Covington died on September 22, 2013. According to plaintiff, after Ms. Covington died, plaintiff contacted OPM on September 27, 2013 and "was told that there was no life insurance policy." Subsequently, plaintiff submitted a request to "OPM Retirement Operations" for an explanation regarding his deceased mother's FEGLI benefits. According to plaintiff, "OPM Retirement Operations Legal Administrative Specialist decided that I was not eligible for benefits under FEGLI and sent a notice with reconsideration rights." Plaintiff asserts that he requested a reconsideration of OPM's initial decision, and "[o]n June 2, 2015, OPM Legal Reconsideration Branch Administrative Specialist affirmed OPM's initial decision stating that there are no medical records, which shows [sic] that my Mother was incompetent when she signed the waiver in March of 2002 and was able to manage her affairs." On October 8, 2014, plaintiff "submitted a claim for FEGLI benefits to the Office of Federal Employees' Group Life Insurance (OFEGLI) and MetLife Inc.," which was denied on February 12, 2015 "because OPM did not certify FEGLI coverage" as Ms. Covington had waived her FEGLI benefits more than ten years before her death.

After plaintiff administratively was denied benefits, he repeatedly filed lawsuits for those benefits across the federal judiciary system seeking a resolution that he considers satisfactory. A history of plaintiff's litigation activity follows. On April 20, 2015, he filed a complaint against OPM in the United States District Court of the Western District of Michigan seeking to challenge Ms. Covington's waiver of her life insurance through the Federal Employee Group Life Insurance Program. Hood v. Office of Pers. Mgmt., No. 15-418 (W.D. Mich. Apr. 20, 2015). Two months later, on June 10, 2015, plaintiff filed a second, nearly identical, complaint against OPM in the United States District Court of the Western District of Michigan involving the same subject matter as the April 20, 2015 complaint, seeking a "[r]eview of agency decision to deny life insurance benefits due under FEGLI" and challenging Ms. Covington's waiver of "her life insurance through the Federal Employee Group Life Insurance Program." Hood v. Office of Pers. Mgmt., No. 15-609 (W.D. Mich. June 10, 2015). After reviewing the two complaints, the Western Michigan District Court in Case No. 15-418 held:

> [P]laintiff has filed two almost identical actions against the OPM, which challenge the validity of his mother's March 18, 2002 waiver of life insurance, and which seek judicial review of the OPM's denial of FEGLI life

---

[1] Capitalization, grammar, punctuation, and other errors quoted in this opinion are as they appear in plaintiff's submissions.

insurance benefits due to the death of his mother. It was unnecessary for plaintiff to file two separate lawsuits which seek the same relief. . . . This present action, being redundant of case no. 1:15-cv-609, is **DISMISSED**.

Hood v. Office of Pers. Mgmt., No. 15-418 (W.D. Mich. July 20, 2015).

On May 17, 2016, a Magistrate Judge of the United States District Court for the Western District of Michigan issued a Report and Recommendation in Hood v. Office of Personnel Management, No. 15-609, explaining that "the Court construes plaintiff's amended complaint as brought under FEGLIA, 5 U.S.C. § 8715, and contesting the OPM's cancellation of [Ms. Covington]'s life insurance coverage on May 14, 2002, because she was 'mentally incapable' of executing the waiver of insurance on March 18, 2002." See Hood v. Office of Pers. Mgmt., No. 15-609 (W.D. Mich. May 17, 2016). In granting defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, the court determined in the Report and Recommendation that "the government had no legal duty to independently ascertain whether plaintiff's mother was 'mentally capable' of executing the March 18, 2002 life insurance waiver." The court relied on Graber v. Metropolitan Life Insurance Co., 855 F. Supp. 2d 673 (N.D. Ohio 2012), in which another District Court found that the only legal duty imposed on the United States under FEGLI is to ensure that the correct FELGI policy is negotiated and issued. On August 18, 2016, Western Michigan District Court Chief Judge Robert J. Jonker issued an order approving and adopting the Magistrate Judge's Report and Recommendation in Hood v. Office of Personnel Management, No. 15-609. Accordingly, plaintiff's complaint was dismissed and judgment was entered in favor of defendant. On September 12, 2016, plaintiff filed a pro se Notice of Appeal to the United States Court of Appeals for the Sixth Circuit. That appeal remains pending. See Hood v. Office of Pers. Mgmt., No. 16-2276 (6th Cir. Jan. 17, 2017).

During the same period of time in which plaintiff's complaint was before the District Court for the Western District of Michigan, plaintiff filed a complaint in the United States Court of Federal Claims on October 9, 2015 "alleging that sometime in March of 2002, the Office of Personnel Management wrongfully accepted a waiver of life insurance from my Mother," and that "OPM is responsible for administering the life insurance contract in which it failed to do when erroneously accepting a waiver of life insurance from my Mother." Hood v. United States, No. 15-1158 (Fed. Cl. Oct. 9, 2015). Just as in the above-captioned case currently before this court, in Case No. 15-1158, plaintiff stated that the "action is brought under the Tucker Act and Federal Group Life Insurance Act of 1954, 5 U.S.C. §§ 8701-8716 for breach of contract due to denial of FEGLI death benefits." Hood v. United States, No. 15-1158 (Fed. Cl. Oct. 9, 2015). After plaintiff failed to pay the court filing fee pursuant to the court's Order in Case No. 15-1158, on February 26, 2016, the court dismissed the case and entered judgment against plaintiff. Three days later, on February 29, 2016, plaintiff appealed the dismissal to the United States Court of Appeals for the Federal Circuit. See Hood v. United States, No. 16-1641 (Fed. Cir. Feb. 29, 2016). On June 27, 2016, the Federal Circuit affirmed the decision of the lower court in Hood v. United States, No. 15-1158.

On February 11, 2016, while plaintiff's cases before the United States District Court for the Western District of Michigan and the United States Court of Federal Claims were pending, plaintiff filed another complaint in the United States District Court for the Southern District of New York again alleging violations of FEGLI based on his deceased mother's waiver of her life insurance policy. Hood v. MetLife Inc., No. 16-1150 (S.D.N.Y. Feb. 11, 2016). On March 8, 2016, the United States District Court for the Southern District of New York transferred Hood v. MetLife Inc., No. 16-1150 to the United States Court of Federal Claims "in the interest of justice," citing plaintiff's earlier-filed action already pending in the United States Court of Federal Claims in which plaintiff had been ordered to pay the filing fee, Hood v. United States, No. 15-1158.

After plaintiff's case was transferred, it was filed in this court on May 12, 2016 as Hood v. United States, No. 16-570, and assigned to the undersigned. Similar to plaintiff's previous case filed in this court, Hood v. United States, No. 15-1158, in the above-captioned case plaintiff, yet again, failed to pay the filing fee in accordance with an Order of this court, and the case was dismissed without prejudice on July 1, 2016. On September 13, 2016, however, just one day after plaintiff appealed the decision of the District Court for the Western District of Michigan in Hood v. Office of Personnel Management, No. 15-609 to the Sixth Circuit, plaintiff paid the filing fee in this court and filed a motion to re-open the above-captioned case, which was granted. On October 4, 2016, by leave of the court, plaintiff filed his amended complaint, which sets forth several legal theories based on the same nucleus of facts as plaintiff's previous complaints in Hood v. Office of Personnel Management, No. 15-418 (W.D. Mich. Apr. 20, 2015); Hood v. Office of Personnel Management, No. 15-609 (W.D. Mich. May 17, 2016); and Hood v. United States, No. 15-1158 (Fed. Cl. Oct. 9, 2015). Plaintiff's complaint alleges breach of contractual and fiduciary duties under FEGLI, arbitrary and capricious action by OPM, breach of the covenant of good faith and fair dealings, breach of an implied contract, promissory estoppel, unjust enrichment, conversion, and violation of California Civil Code §§ 1709, 1710, 1572, and 1573. Plaintiff seeks the following damages: "All compensatory and economic (monetary) damages," "Special money damages," "Liquidated money damages," "All reasonable expenses incurred by Julian R. Hood Jr., including court costs and reasonable and necessary attorney fees," and "Pre-judgment and post-judgment interest." Plaintiff also seeks declaratory and injunctive relief.

Defendant moved to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC) (2016) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se, without the assistance of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429

4

U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied 135 S. Ct. 1909 (2015). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

Defendant has moved to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction, and RCFC 12(b)(6), for failure to state a claim for which relief may be granted. The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United

States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565–66 (2009).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2016); Fed. R. Civ. P. 8(a)(1), (2) (2016); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 555).

Defendant argues that the court does not possess jurisdiction to entertain plaintiff's claims because jurisdiction is barred by 28 U.S.C. § 1500 (2012), which limits the court's jurisdiction when a related case is pending in another District Court. Defendant asserts that plaintiff's complaint in the above-captioned case and plaintiff's complaint in the District Court of the Western District of Michigan, <u>Hood v. Office of Personnel Management</u>, No. 15-609, contain factual allegations that "stem from Mr. Hood's allegations that OPM's acceptance and processing of his mother's waiver of her FEGLI life insurance was improper." According to defendant, plaintiff filed his complaint in <u>Hood v. Office of Personnel Management</u>, No. 15-609, on June 10, 2015, and that case remained pending in the District Court of the Western District of Michigan on February 11, 2016 when Mr. Hood filed his complaint in the Southern District of New York, <u>Hood v. Metlife, Inc.</u>, No. 16-1150, as well as on May 12, 2016 when <u>Hood v. Metlife Inc.</u>, No. 16-1150, was transferred to the United States Court of Federal Claims and the above-captioned case was assigned to the undersigned. Defendant asserts that "[b]ecause whether an earlier filed suit is considered pending for the purposes of section 1500 is determined at the time that the complaint is filed, Mr. Hood's complaint in this action is barred by section 1500."

Plaintiff argues that 28 U.S.C. § 1500 does not bar this court from exercising jurisdiction over the above-captioned case because, according to plaintiff, the complaint in this case was filed on October 9, 2015. As explained above, however, plaintiff filed his complaint in <u>Hood v. United States</u>, No. 15-1158, a separate case before this court, on October 9, 2015, and that case was dismissed on February 24, 2016. Subsequently, on May 6, 2016, the United States Court of Appeals for the Federal Circuit affirmed the lower court's dismissal of <u>Hood v. United States</u>, No. 15-1158. Plaintiff cannot rely on the date of a complaint he filed in an entirely separate action before this court to survive defendant's motion to dismiss in the above-captioned case.

The statute at 28 U.S.C. § 1500 provides:

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. The application of section 1500 turns on whether plaintiff had pending, at the time he filed suit in the Court of Federal Claims, a suit in another court against the United States or a person acting under authority of the United States, based on substantially the same operative facts as the suit filed in this court, regardless of the relief sought. <u>See</u> <u>United States v. Tohono O'Odham Nation</u>, 563 U.S. 307, 315 (2011); <u>see also</u> <u>Ministerio Roco Solida v. United States</u>, 129 Fed. Cl. 140, 143 (2016). "The question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at

which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1548 (Fed. Cir. 1994) (discussing the Supreme Court's opinion in Keene Corp. v. United States, 508 U.S. 200 (1993)) overruled on other grounds, United States v. Tohono O'Odham Nation, 563 U.S. at 315. Indeed, "'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" Keene Corp. v. United States, 508 U.S. at 207 (quoting Mollan v. Torrance, 22 U.S. 537, 539 (1824) (Marshall, C.J.) (other citations omitted) (noting that the Court of Federal Claims correctly applied section 1500 by "looking to the facts existing when Keene filed each of its complaints."). When a district court has entered judgment dismissing a case, the United States Court of Appeals for the Federal Circuit has established that once "a notice of appeal is filed," then the case is "pending" under 28 U.S.C. § 1500. Brandt v. United States, 710 F.3d 1369, 1380 (Fed. Cir. 2013). "[O]nce a claim is dismissed or denied, it is no longer 'pending' for § 1500 purposes until a motion for reconsideration or notice of appeal is filed." Brandt v. United States, 710 F.3d at 1380.

The United States Supreme Court offered some clarification regarding the effect of 28 U.S.C. § 1500 in Tohono O'Odham Nation. In the words of the United States Supreme Court, section 1500 "bars jurisdiction in the CFC [Court of Federal Claims] not only if the plaintiff sues on an identical claim elsewhere – a suit 'for' the same claim – but also if the plaintiff's other action is related although not identical – a suit 'in respect to' the same claim." United States v. Tohono O'Odham Nation, 563 U.S. at 312. The Supreme Court explained, "two suits are for or in respect to the same claim when they are based on substantially the same operative facts." Id. at 318 (citing Keene Corp. v. United States, 508 U.S. 200, 206 (1993)).

There is, however, no set test to determine when, according to the Supreme Court, "two suits have sufficient factual overlap to trigger the jurisdictional bar." United States v. Tohono O'Odham Nation, 563 U.S. at 318. Although the assessment must be on a case by case factual basis, the Tohono O'Odham Nation case provides a general framework for consideration. In its decision, the Supreme Court stated in Tohono O'Odham Nation:

> The remaining question is whether the Nation's two suits have sufficient factual overlap to trigger the jurisdictional bar. The CFC [United States Court of Federal Claims] dismissed the action here in part because it concluded that the facts in the Nation's two suits were, "for all practical purposes, identical." 79 Fed. Cl. 645, 656 (2007). It was correct to do so. The two actions both allege that the United States holds the same assets in trust for the Nation's benefit. They describe almost identical breaches of fiduciary duty – that the United States engaged in self-dealing and imprudent investment, and failed to provide an accurate accounting of the assets held in trust, for example. Indeed, it appears that the Nation could have filed two identical complaints, save the caption and prayer for relief, without changing either suit in any significant respect. Under § 1500, the substantial overlap in operative facts between the Nation's District Court and CFC suits precludes jurisdiction in the CFC.

Id. at 317.

The history of plaintiff's filings in this court and in the District Court for the Western District of Michigan reveals that plaintiff had filed a claim in another District Court before filing his complaint in the above-captioned case, and that action at the Western Michigan District Court was pending when the plaintiff filed his complaint in the Southern District of New York on February 11, 2016, when the case was transferred to the United States Court of Federal Claims on March 8, 2016, and at the time plaintiff filed his transfer complaint in the above-captioned case on May 27, 2016. The United States Court of Appeals for the Federal Circuit held in Brandt v. United States, 710 F.3d at 1375, that "[w]hether an earlier-filed 'suit or process' is 'pending' for § 1500 purposes is determined at the time the complaint is filed with the Court of Federal Claims." Id. In the above-captioned case, plaintiff filed his complaint with the United States Court of Federal Claims on May 27, 2016, however, nearly one year earlier, on June 10, 2015, plaintiff had filed a case before the Western District of Michigan, Hood v. Office of Personnel Management, No. 15-609, which was pending. Approximately two months after plaintiff filed his complaint with the United States Court of Federal Claims, on August 18, 2016, the Western District of Michigan dismissed Hood v. Office of Personnel Management, No. 15-609.

The court notes that the above-captioned case is distinctive because it initially began in the Southern District of New York and was subsequently transferred to the United States Court of Federal Claims, however, even if the court considers the date on which plaintiff filed his complaint in the Southern District of New York, which was February 11, 2016, that date was nearly eight months after plaintiff filed his complaint in Hood v. Office of Personnel Management, No. 15-609, in the Western Michigan District Court. Thus, even if the court considers the earlier date on which plaintiff filed his complaint in the Southern District of New York, it would not change the § 1500 analysis because plaintiff had already filed an earlier suit in the Western District of Michigan. Additionally, on September 12, 2016, while the above-captioned case was pending, plaintiff appealed the decision of the Michigan District Court to United States Court of Appeals for the Sixth Circuit, and that appeal remains pending. See Hood v. Office of Pers. Mgmt., No. 16-2276 (6th Cir. Jan. 17, 2017).

Having established that at the time plaintiff filed his complaint in this court there was an earlier-filed pending case before another District Court, the court considers whether "the claims asserted in the earlier-filed case are "for or in respect to" the same claim(s) asserted in the later-filed Court of Federal Claims action." Brandt v. United States, 710 F.3d at 1374 (citing Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163-64 (Fed. Cir. 2011)). As explained above, two suits are for, or in respect to, the same claim if they are based on substantially the same operative facts, regardless of the relief sought. See id. In the case before the District Court in Michigan, plaintiff alleged that ""[o]n March 18, 2002, while under the influence of a cocktail of Actiq lollipops, OxyContin, Vicodin, Ambien, valium, and many more, my mother waived her life insurance through the Federal Employee Group Life Insurance Program (FELGI) and I am requesting to challenge that waiver." Hood v. Office of Pers. Mgmt., No. 15-609. Plaintiff further alleged

in that case that "[o]n June 2, 2015, the U.S. Office of Personnel Management denied my request for reconsideration and affirm [sic] their initial decision, which was issued in November 2014. I do not agree the decision [sic] and I am contacting this Honorable court seeking to have that decision reversed." Hood v. Office of Pers. Mgmt., No. 15-609. Plaintiff's allegations in the above-captioned case are nearly, if not entirely, identical. Plaintiff alleges "[o]n March 18, 2002, The Office of Personnel Management (OPM) wrongfully accepted a waiver of life insurance from my Mother, Debora Covington and cancelled her Federal Employees' Group Life Insurance (FEGLI) policy retroactively to June of 2000," and that "[o]n February 12, OFEGLI and MetLife, Inc., denied benefits, because OPM did not certify FEGLI coverage." In both cases, plaintiff alleges that OPM wrongfully accepted his deceased mother's waiver. A review and comparison of the complaints that Mr. Hood filed in this court and the District Court for the Western District of Michigan makes clear that plaintiff's complaints in both cases arise from the same set of operative facts.

Because Hood v. Office of Personnel Management, No. 15-609, was pending in the Western District of Michigan at the time the above-captioned case commenced,[2] and plaintiff's claims in that case were based on the same operative facts as plaintiff's claims in the above-captioned case, this court is statutorily-barred from exercising jurisdiction over plaintiff's complaint pursuant to 28 U.S.C. § 1500.

Furthermore, the undersigned previously adjudicated two cases filed by Mr. Hood, Hood v. United States, No. 15-1200, and Hood v. United States, No. 15-1501, in Hood v. United States, 127 Fed. Cl. 192 (2016), aff'd, 2016 WL 6543529, at *3 (Fed. Cir. Nov. 4, 2016), which are significant to the above-captioned case because, on appeal, the United States Court of Appeals for the Federal Circuit affirmed this court's finding that 28 U.S.C. § 1500 barred the court from exercising jurisdiction over Mr. Hood's case. See Hood v. United States, 2016 WL 6543529, at *3 (Fed. Cir. Nov. 4, 2016). Although Hood v. United States, 127 Fed. Cl. 192, previously decided by this court, arose from different facts, prior to filing those actions Mr. Hood had filed similar claims in another District Court and those claims were then on appeal at the United States Court of Appeals for the Sixth Circuit when Mr. Hood initiated the action before the undersigned in the United States Court of Federal Claims. This court found that, because Mr. Hood's earlier-filed case in another District Court was on appeal, this court did not have jurisdiction to consider Mr. Hood's claims which were based on the same operative facts. Mr. Hood appealed this court's decision, and the Federal Circuit held that "the Court of Federal Claims correctly determined that Hood's complaint in Case Number 15-1501 was based on the same set of operative facts as his pending Sixth Circuit appeal," therefore, the Federal Circuit agreed "that the court lacked subject matter jurisdiction under § 1500." Hood v. United States, 2016 WL 6543529, at *3 (Fed. Cir. Nov. 4, 2016). On appeal, the Federal Circuit held that "[d]etermining whether § 1500 applies involves two inquiries: '(1) whether there is an earlier-filed "suit or process" pending in another court, and, if so, (2) whether the

[2] As noted above, plaintiff's appeal of the Western Michigan District Court's dismissal remains pending. See Hood v. Office of Pers. Mgmt., No. 16-2276 (6th Cir. Jan. 17, 2017).

claims asserted in the earlier-filed case are "for or in respect to" the same claim(s) asserted in the later-filed Court of Federal Claims action.'" Hood v. United States, 2016 WL 6543529, at *3 (Fed. Cir. Nov. 4, 2016) (citing Brandt v. United States, 710 F.3d 1369, 1374 (Fed. Cir. 2013)). The Federal Circuit concluded that because plaintiff's complaint at the United States Court of Federal Claims were based on the same set of operative facts as plaintiff's pending appeal to the United States Court of Appeals for the Sixth Circuit, plaintiff's claims were statutorily-barred by 28 U.S.C. § 1500.

Plaintiff's duplicative filings across the federal judicial system, coupled with the evidence that he is, or should be, aware of the statutory limitations of 28 U.S.C. § 1500, as explained to him by this court and by the United States Court of Appeals for the Federal Circuit, lays bare his intentional and time-wasting scheme to forum shop and tax the judiciary in an effort to obtain an outcome he deems favorable. In Hood v. United States, 127 Fed. Cl. 192, a case that involved different allegations than the above-captioned case, this court issued sanctions against Mr. Hood based on his repeated frivolous and baseless pleadings. Given the prior decisions of this court and of the United States Court of Appeals for the Federal Circuit, as well as the explanation included in this decision, Mr. Hood has been duly informed that, pursuant to 28 U.S.C. § 1500, neither this court nor a federal District Court can exercise jurisdiction over his claims when they are based on the same set of operative facts as an earlier-filed complaint pending before another District Court, or on appeal.

## CONCLUSION

For the reasons discussed above, plaintiff's complaint is **DISMISSED**. The Clerk of the Court is directed not to file future complaints in which Mr. Hood asserts allegations that arise from the same facts set forth in Case Number 16-570 in this court.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**